IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS "TOM" KUNA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILLINOIS STATE BOARD OF ELEC- )<br>TIONS, STATE OF ILLINOIS, )<br>RAYMOND TRUE, JERSEY COMMU- )<br>NITY UNIT SCHOOL DISTRICT #100, )<br>SHOP N' SAVE WAREHOUSE FOODS, )<br>INC., WAL-MART STORES, INC., and )<br>SINCLAIR FOOD MARTS, INC., )<br>)<br>Defendants. ) | No. 09-CV-1049-WDS |

## ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff Thomas Kuna's pro se motion for reconsideration of the Court's Memorandum and Order dismissing his complaint (Doc. 76). Defendants Jersey Community School District #100 ("School District"), Shop N' Save Warehouse Foods, Inc., Wal-Mart Stores, Inc., and Sinclair Food South, Inc. have each responded (Docs. 77, 78, 79, 82), and plaintiff has replied (Doc. 83). This lawsuit arose after plaintiff's unsuccessful attempt to become Illinois' Republican nominee for the United States Senate in February 2010. In its last order (Doc. 75), the Court dismissed plaintiff's claims against the State of Illinois and the Illinois State Board of Elections with prejudice, a decision plaintiff does not contest in his current motion. Rather, he is now contesting the dismissal of the School District, Shop N' Save, Wal-Mart Stores, and Sinclair Food South. These defendants refused to let plaintiff circulate his nomination petitions or post campaign materials at public gatherings on their property. And plaintiff particularly objects that they would not allow him to do these things at their public entrances and exits. Plaintiff claims the defend-

ants violated his constitutional rights under the First Amendment to free speech and assembly and under Article IV, § 4 to a republican form of government.

Plaintiff calls his motion a "motion for reconsideration" of the dismissal of his complaint and closing the case. The nature of the motion, though, must be analyzed according to its substance, not its label. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Borrero v. City of Chicago*, 456 F.3d 698, 701–02 (7th Cir. 2006). The substance of plaintiff's motion lies in alleged errors of law, which is a basis for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Obriecht*, 517 F.3d at 493–94; *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 495 n.5 (7th Cir. 2011). However, in this case, after the order dismissing plaintiff's case was entered, judgment was not entered. *See* Fed. R. Civ. P. 58(b). Even though judgment was not entered, the Court will construe plaintiff's motion, based on its substance, as a motion to alter or amend judgment under Rule 59(e). As it turns out, judgment should not have been entered anyway because defendant Raymond True was still in this case. *See* Fed. R. Civ. P. 54(b) ("[W]hen multiple parties are involved, the court may direct entry of final judgment as to … fewer than all claims or parties only if the court expressly determines that there is no just reason for delay."). The Court will return to defendant True shortly.

Rule 59(e) permits a court to alter or amend a judgment if the moving party demonstrates a manifest error of law or fact, or presents newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011); *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007). The motion must "clearly establish" its grounds for relief. *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006). It cannot be used "to undo [a party's] own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876; *Sigsworth*, 487 F.3d at 512; *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d

1263, 1267 (7th Cir. 1995).

Plaintiff first objects to the Court's finding that his claims against the School District were moot. He says the Court should not have inferred plaintiff would not run for public office again; if that were true, he would not have gone to the trouble of this lawsuit. When he filed his motion for reconsideration, he was running for office again (for United States Congress in the 13th Congressional District of Illinois). Thus he argues his claims were capable of repetition yet evading review, which is an exception to the mootness doctrine. He believes another exception applies as well, that the issues he presented were of "substantial public interest." *See People ex rel. Wallace v. Labrenz*, 104 N.E.2d 769, 772 (Ill. 1952). The Court does not find that its mootness decision was a manifest error of law. And, aside from mootness grounds, the Court held that plaintiff's claims against the School District failed anyway because the school property at issue was not a designated public forum and, even if it were, the School District's restrictions were content neutral.

Plaintiff next asks the Court to interpret 10 ILCS 5/9-25.1(b), the Illinois statute which the School District asserts is among the reasons it cannot allow plaintiff to gather signatures on school property. As discussed above, however, the Court held that plaintiff's claims against the School District were moot and that they failed for other reasons as well. The Court therefore declines to give an advisory opinion on the statute.

Plaintiff also makes a policy argument that the Court should distinguish *gathering signatures for nomination* from *electioneering*. Electioneering, he believes, may be prohibited or regulated by owners of "public-venue private property," like the defendants here, while gathering signatures is pre-election activity that is "low key" and "person to person." Further, if an individual is unable to gather enough signatures to be on a ballot, he will be ignored by the media. Therefore, plaintiff claims, Article IV, § 4 of the Constitution requires owners of public-venue private property to provide access for those who are gathering signatures to have their names put on a ballot. Plaintiff asks the Court either for a de-

claratory judgment saying what the Constitution requires in this area, or an injunction ordering defendants to allow plaintiff and his agents to solicit signatures for nomination. Plaintiff also disagrees with the Court's interpretation of *People v. DiGuida*, 604 N.E.2d 336 (Ill. 1992).

But these are all arguments that could and should have been presented to the Court before. Moreover, the Court's decisions regarding the defendants School District, Shop N' Save, Wal-Mart Stores, and Sinclair Food South did not involve the type of activity plaintiff was engaging in. Sinclair Food South and the other stores, for example, were found to be on private property not dedicated to public use. So the type of activity involved, whether gathering signatures or electioneering, is not relevant. The Court **FINDS** that plaintiff has not demonstrated a manifest error of law that would justify alteration or amendment of the Court's order under Rule 59(e).

Finally, in reviewing plaintiff's motion, the Court notes that defendant Raymond True was not dismissed in the Court's last order (Doc. 75). The Clerk had entered default against True when he failed to plead or otherwise defend (Doc. 73). After that, plaintiff did not move for default judgment. Instead, he moved for True's attorneys to show cause why they should not be held liable for True's failure to enter an appearance (Doc. 74). The Court denied that motion as moot when it dismissed the other defendants. So True was not dismissed. The Court has reviewed the complaint again and is unable to ascertain what claims, if any, plaintiff had against True. The caption of the complaint reads "Raymond True, c/o Erik Peck, at Raysa & Zimmerman, LLC, Att'ys at Law," but merely invoking the name of a potential defendant in the caption is not sufficient to state a claim against him. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The complaint itself only says that the State of Illinois and the Illinois State Board of Elections violated plaintiff's immunity from objections "by giving Defendant True standing" contrary to legal authority. Such brief mention of True does not plead enough facts to state a claim to relief "that is

4

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, defendant True must be dismissed.

In conclusion, plaintiff has not demonstrated a manifest error of law that would entitle him to an altered or amended judgment under Rule 59(e). Therefore, his motion for reconsideration (Doc. 76) is **DENIED**. Defendant Raymond True is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 26, 2012**

/s/ WILLIAM D. STIEHL
   DISTRICT JUDGE